

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE SALAZAR, | § | 08-24-00064-CR |
| Appellant, | § | Criminal District Court No. 1 |
| v. | § | of El Paso County, Texas |
| THE STATE OF TEXAS, | § | (TC# 20180D06328) |
| Appellee. | § | |

## <u>MEMORANDUM OPINION</u>

A jury convicted Appellant Jose Salazar of possession with intent to deliver cocaine in an amount greater than 400 grams and sentenced him to 30 years' imprisonment.[1] On appeal, Salazar's counsel has filed an *Anders* brief in support of a motion to withdraw. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

## I. BACKGROUND

Salazar was indicted on one count of possession, with intent to deliver, of a controlled substance, namely cocaine in the amount of 400 grams or more. The case proceeded to a jury trial where the State presented evidence through multiple live witnesses and admission of several

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112(f).

exhibits, which included body-cam videos, photographs of a duffle bag and its contents, and a laboratory report confirming the bag found in Salazar's possession contained cocaine weighing over 400 grams. At the end of the guilt-innocence phase of trial, the jury returned a verdict of guilty. Following the punishment phase, the jury sentenced Salazar to 30 years' confinement and assessed a fine of $150,000. The trial court entered a judgment of conviction in accordance with the jury's verdict.

## II. FRIVOLOUS APPEAL

Salazar filed a notice of appeal, and his court-appointed counsel thereafter filed an *Anders* brief and motion to withdraw. Counsel certified the following: that he had conducted a thorough review of the record; that he determined the appeal was frivolous; that he mailed Salazar a copy of the brief and motion, while also advising him of his right to examine the record, file a response, and seek discretionary review in the Texas Court of Criminal Appeals should this Court conclude his appeal was frivolous. Counsel's *Anders* brief includes citations to the record and legal authority, a professional evaluation of the record, and an explanation of why no arguable points of error exist for review. *Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *see also In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). We conclude that the brief meets the requirements of *Anders*. *See Anders*, 386 U.S. at 744–75; *High*, 573 S.W.2d at 812–13. We further conclude counsel has performed his duties as appointed counsel. *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).

2

Salazar filed a pro se motion to access the appellate record, which this Court granted and forwarded a copy of the record to Salazar. This Court received notice from the Texas Department of Criminal Justice, when it returned the copy of the record, that Salazar had completed his review and had no further need for it. Salazar has not filed a pro se brief.

When this Court receives an *Anders* brief, we must independently review the record to determine whether the appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). Having reviewed the entire record of this appeal, we conclude the appeal is wholly frivolous and without merit. *In re Schulman*, 252 S.W.3d at 408–09.

Accordingly, we affirm the trial court's judgment and grant appellate counsel's motion to withdraw.

### III. FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself, Salazar may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review through a retained attorney or by representing himself. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days from the date of either: (1) this opinion; or (2) the last timely motion for rehearing or motion for en banc reconsideration that is overruled by this Court. *See* Tex. R. App. P. 68.2, 68.3(a). The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

### IV. CONCLUSION

We grant counsel's motion to withdraw and affirm the judgment of the trial court.

3

GINA M. PALAFOX, Justice

December 6, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)